UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDDIE SUSSMANN, SR. ET AL                              CIVIL ACTION

VERSUS                                                 NO. 15-2373

FINANCIAL GUARDS, LLC ET AL                            SECTION "H"

## ORDER AND REASONS

Before the Court are Defendant Financial Guard, LLC's Motion to Dismiss (Doc. 12), Plaintiffs' Motion to Strike that Motion (Doc. 20), Defendant Daniel Dragan's Motion for Sanctions (Doc. 16), and Defendant Daniel Dragan's Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Doc. 18).  For the following reasons, Defendant Financial Guard, LLC's Motion to Dismiss is STRICKEN; Plaintiff's Motion to Strike is GRANTED; Defendant Dragan's Motion to Dismiss is DENIED; and Defendant Dragan's Motion for Sanctions is DENIED.

## BACKGROUND

Plaintiffs, Eddie Sussmann, Sr. and Leading Edge Financial Services, LLC ("Leading Edge"), brought this action against former employee Daniel Dragan ("Dragan") and his company, Financial Guards, LLC ("Financial Guards"). In their Complaint, Plaintiffs allege that Dragan worked as an independent contractor managing IT and marketing for Leading Edge for many years before he was terminated on May 15, 2015. They allege that shortly after his termination, Dragan formed Defendant Financial Guards. Plaintiffs allege that Defendants then converted Plaintiffs' assets and confidential information and refused to return them. Plaintiffs allege that Defendants used the converted property to create websites and alter existing websites with the intention of confusing customers of Leading Edge and attracting customers to Financial Guards. They also allege that Defendants used the converted property to redirect incoming calls made to Plaintiffs to Financial Guards and to send emails to Plaintiffs' contacts. Plaintiffs bring claims against Defendants under the Computer Fraud and Abuse Act, the Louisiana Uniform Trade Secrets Act, Louisiana Unfair Trade Practices Act, the Lanham Act, and for conversion and injunctive relief.

In response, Defendant Financial Guards filed a Motion to Dismiss, averring that it has been dissolved. Plaintiffs have moved to strike that motion. In addition, Defendant Dragan filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and a Motion for Sanctions against Plaintiffs. This Court will address each motion in turn.

## I. Financial Guards's Motion to Dismiss

In its Motion to Dismiss, Financial Guards requests dismissal from this action because it has been dissolved and has no assets. Plaintiffs seek to strike this Motion because it was filed *pro se* by Defendant Dragan. Plaintiffs contend that Dragan is not an attorney and therefore cannot represent Financial Guards, a juridical entity, in this action. Indeed, the Fifth Circuit has stated that it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney."[1] "Pursuant to the Fifth Circuit's interpretation of 28 U.S.C. § 1654, a layperson may not represent a corporation, regardless of his relationship to the corporation."[2] This rule likewise applies to limited liability companies, such as Financial Guards.[3] Accordingly, it was improper for Defendant Dragan, a non-attorney, to file a motion on behalf of Defendant Financial Guards. Therefore, Plaintiffs' Motion to Strike is granted, and Financial Guards's Motion to Dismiss is stricken.

## II. Dragan's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

Next, Defendant Dragan, *pro se*, argues that this matter should be dismissed because this Court lacks personal jurisdiction over him or because

---

[1] *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

[2] *Roshan Associates, Inc. v. Motiva Enterprises, L.L.C.*, 241 F. Supp. 2d 639, 641 (E.D. La. 2002) *aff'd sub nom. Roshan Associates, Inc. v. Motiva Enterprises*, 66 F. App'x 525 (5th Cir. 2003).

[3] *See Beelman-Soto Prods., LLC v. Foreshadow Photography, LLC*, No. 14-1953, 2015 WL 627052, at *1 (E.D. La. Feb. 12, 2015).

venue is improper.  This Court will consider each argument in turn

## A. Personal Jurisdiction

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[4]  When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing . . . the plaintiff need only make a prima facie showing of personal jurisdiction. [5]  "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[6] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[7]  The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[8]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state, and (2) the exercise of personal jurisdiction is consistent with the

---

[4] *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).

[5] *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).

[6] *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1983)).

[7] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).

[8] *Id.* (citing *Colwell Realty Invs. v. Triple T. Inns of Ariz.*, 785 F.2d 1330 (5th Cir. 1986)).

4

Due Process Clause of the Fourteenth Amendment.[9] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[10]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[11] A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[12]

### 1. Minimum Contacts

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[13] Specific personal jurisdiction exists when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state and the controversy arises out of or is related to those activities.[14] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum

---

[9] *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

[10] *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *see also* La. Rev. Stat. § 13:3201.

[11] *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.2d 214, 220 (5th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[12] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).

[13] *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

[14] *Burger King Corp. v. Rudzewicz*, 471 U.S. 262, 472 (1985).

state, regardless of whether such activity is related to the plaintiff's cause of action.[15]

Defendant Dragan argues that this Court lacks personal jurisdiction over him because he has been a resident of the Florida since 2009, he does not possess a Louisiana insurance license, and he does not conduct business in Louisiana. He also states that the online accounts he managed as an independent contractor of Plaintiffs are hosted by servers in many states, none of which are Louisiana. Plaintiffs rebut that Defendant has sufficient minimum contacts with Louisiana because of the tortious conduct that he directed at Plaintiffs here.

In *Calder v. Jones*, the Supreme Court held that a California district court had personal jurisdiction over defendants "because of their intentional conduct in Florida calculated to cause injury to respondent in California."[16] "Under *Calder*, an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct.[17] This analysis has come to be known as the "effects test."[18] Plaintiffs have invoked the "effects test" in arguing that this Court has personal jurisdiction over Dragan because his intentional actions in Florida were calculated to harm them in Louisiana. This

---

[15] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).
[16] *Calder v. Jones*, 465 U.S. 783, 791 (1984).
[17] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009).
[18] *See id.*

Court agrees. Plaintiffs allege that Defendant illegally accessed Plaintiffs' phone lines to redirect incoming calls and their email marketing service to send emails to Plaintiffs' customers. Defendant did so with the intent to harm Plaintiffs and redirect business to his own company. Plaintiffs also allege that Defendant Dragan holds property, such as customer lists and contact information, belonging to Plaintiffs and refuses to return it. This Court holds that these intentional acts were aimed at Plaintiffs in Louisiana and are sufficient to create minimum contacts with this state. Because Plaintiffs' claims arise out of those contacts, this Court has specific jurisdiction over Dragan.

### *2. Fairness Analysis*

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."[19] The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[20]

Until his termination, Dragan had worked as a independent contractor of Plaintiff Leading Edge, a Louisiana company with its main office in Louisiana, for seven years. Since that time, Plaintiffs allege that Dragan has accessed telephone

---

[19] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987)).

[20] *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).

records of Plaintiffs and has converted Plaintiffs' confidential and proprietary trade secret information, including customer lists and contact information. Accordingly, a substantial part of the events giving rise to this lawsuit occurred in Louisiana. This Court holds that litigating this matter in Louisiana will not impose any undue burden on Defendant. In addition, this Court has a substantial interest in litigating matters involving tortious acts directed at its citizens.[21] Defendant Dragan has not put forth any argument why the exercise of personal jurisdiction over him would violate traditional notions of substantial justice. Accordingly, this Court holds that the exercise of specific jurisdiction over Defendant Dragan is reasonable.

## B. Improper Venue

Under Rule 12(b)(3), a party may assert by motion the defense of improper venue.[22] When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[23] Rule 12(b)(3) permits the court to look at all evidence in the record "beyond simply those facts alleged in the complaint and its proper attachments."[24]

According to 28 U.S.C. § 1391(b) venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[21] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 631 (5th Cir. 1999) ("The State of Louisiana has a substantial interest in the litigation of these claims against foreign defendants who allegedly committed intentional and tortious acts directed at Louisiana . . . .").

[22] Fed. R. Civ. P. 12(b)(3).

[23] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).

[24] *Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cir. 2011).

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[25]

The United States Supreme Court has stated that:

When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). . . . The first two paragraphs of § 1391(b) define the preferred judicial districts for venue in a typical case, but the third paragraph provides a fallback option.[26]

Plaintiffs have argued that venue is proper under the second prong of § 1391, in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiffs argue that because Defendants tortious acts were directed at them in Orleans Parish where they conduct business, then venue is proper in that parish. This Court agrees. Taking the allegations of Plaintiffs' Complaint as true, this Court holds that venue is proper in light of the harm allegedly caused to Plaintiffs' business by Defendants in this venue.

---

[25] 28 U.S.C. § 1391 (2014).
[26] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013).

### III. Defendant Dragan's Motion for Sanctions

Finally, Defendant Dragan, *pro se*, moves for sanctions against Plaintiffs for filing an "improper lawsuit which has no basis in law or fact and for violation of Rule 11(b)(1) and Rule 11(b)(2)." Plaintiffs defend this Motion on both procedural and substantive grounds.

First, Plaintiffs argue that Defendant's Motion should be denied because he failed to follow the procedural requirements of Rule 11. Specifically, Plaintiffs argue that despite giving notice of his intent to file a motion for sanctions, Defendant did not wait the mandatory twenty-one days before doing so.

> Rule 11 states that:
>
> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not *be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service* or within another time the court sets.[27]

Here, Defendant gave Plaintiffs notice of his intention to file a motion for sanctions on October 1, 2015. He then filed said motion on October 5, 2015. "Rule 11 sanctions must be served on the opposing party at least 21 days before the motion is filed in the district court. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory."[28] Because

---

[27] Fed. R. Civ. Pro. 11 (emphasis added).
[28] *Robinson v. Home Depot USA Inc.*, 478 F. App'x 820, 825 (5th Cir. 2012).

10

Defendant did not follow the process required to move for sanctions under Rule 11, his Motion must be dismissed. Accordingly, this Court need not consider Plaintiffs' other arguments.

## CONCLUSION

For the foregoing reasons, Defendant Financial Guard, LLC's Motion to Dismiss is STRICKEN and Plaintiff's Motion to Strike is GRANTED. In addition, Defendant Dragan's Motion to Dismiss and Motion for Sanctions are DENIED.

New Orleans, Louisiana, this 29th day of December, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

11