UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-02373** |
| **FINANCIAL GUARDS, LLC, ET AL** | **SECTION: "H" (4)** |

ORDER

Before the Court is a **Motion to Appoint Counsel (R. Doc. 37) and Amended Motion to Appoint Counsel (R.  Doc. 38)** filed by Defendant Daniel Dragan seeking an order from the Court to appoint counsel to represent Dragan in the instant matter. The motion was opposed. R. Doc. 44. For the following reasons, the Motion to Appoint Counsel is **DENIED.**

I.   **Background**

This action was filed in the District Court on June 29, 2015. R. Doc. 1. Plaintiffs Eddie Sussman, Sr. and Leading Edge Financial Services ("Plaintiffs") brought this action against Daniel Dragan and Financial Guard Services ("Defendants") under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030; the Lanham Act 15 U.S.C. § 1125(a); the Louisiana Uniform Trade Secret Act ("LUTSA") La. Rev. Stat. § 51:1431 *et seq.*; the Louisiana Unfair Trade Practices Act ("LUPTA") La. Rev. Stat. § 51:1401 *et seq.*; and the state law tort claim of conversion.  R. Doc. 4, p. 1-2. The Plaintiffs allege that Dragan was a former independent contractor for the Plaintiffs managing the IT and marketing needs of Leading Edge Financial Services and its subsidiaries. R. Doc. 4, p. 3-4. Plaintiffs further allege that Dragan had access to all of the Plaintiffs confidential, proprietary and trade secret information while an independent contractor. *Id.* at p. 4. Plaintiffs state that the independent contractor agreement with Dragan was terminated on May 15, 2015. *Id.* Soon thereafter, Plaintiffs allege that Dragan started Financial Guard Services to compete with the Plaintiffs; Plaintiffs also allege that the Defendants used the Plaintiffs' confidential, proprietary,

and trade secret information that Dragan had stolen before his contract was terminated. *Id.* at p. 5. Plaintiffs allege that the Defendants have refused to return the converted property as well as have created a number of websites mimicking Plaintiffs' websites in order to confuse Plaintiffs' customers to do business with the Defendants. Moreover, Plaintiffs allege that the Defendants have used the converted property to: 1) redirect incoming calls from Plaintiffs' business telephone lines to Defendants' lines; 2) access Plaintiffs' email marketing service to mass email Plaintiffs' customers to direct them to contact Defendants; and 3) redirect payment of certain insurance commissions from Plaintiffs' bank account to Defendants' bank account. *Id.* at p. 9-10. Plaintiffs seek damages as well as injunctive relief for the return of the Plaintiffs' property. Defendant Dragan filed a counterclaim alleging a number of bases for damages. R. Doc. 28.

On July 21, 2016, the District Court granted Plaintiffs' motion for default judgment against Financial Guard Services pursuant to Federal Rule of Civil Procedure 55(b). R. Doc. 34.

At this time, Defendant Dragan has filed a motion to appoint counsel seeking the Court to appoint counsel to represent Dragan in the instant case. R. Doc. 37 & 38. Dragan argues that he is financially unable to secure counsel. R. Doc. 37, p. 1. Moreover, Dragan states that he has attempted to acquire counsel by contacting a number of counsel both in Florida and in New Orleans. R. Doc. 37, p. 2. Dragan has also attached a number of exhibits attempting to demonstrate the strength of his case. R. Doc. 37, p. 3-9. In response, the Plaintiffs argue that Dragan has not made the required showing that he is entitled to counsel. R. Doc. 44, p. 1-2.

**II.    Legal Standard**

There is neither "a constitutional right [nor] an automatic right to appointed counsel in a civil case" *Margin v. Soc. Sec. Admin*, No. 08-4605, 2009 WL 3673025, at *1 (E.D. La. Oct. 28, 2009) (citing *Caston v. Sears, Roebuck, & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). However,

"'[a] federal court has discretion to appoint counsel if doing so would advance the proper administration of justice.'" *Gilbert v. French*, 364 F. App'x 76, 84 (5th Cir. 2010) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982)). In particular, 28 U.S.C. § 1915(e)(1) provides that "[t]he Court may request an attorney to represent any person unable to afford counsel."

Appointment of counsel for civil litigants has been limited to "exceptional circumstances." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer*, 691 F.2d at 212). While the Fifth Circuit has not articulated a complete definition of exceptional circumstances, the Fifth Circuit has listed certain factors to consider in determining if the circumstances warrant the appointment of counsel. *Id.* Those factors are:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate the case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)). The Court may weigh these factors as it sees fit depending on the facts of the case. *Id.* at 801 ("[T]he district court was free to weigh other factors more heavily in finding that exceptional circumstances existed.") The Court may also consider the extent of the litigant's attempt to secure private counsel. *Id.* (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).

**III.   Analysis**

Defendant Dragan has filed a motion and an amended motion for this Court to appoint counsel to represent him. R. Doc. 37 & 38. Before the Court can evaluate the factors determining if exceptional circumstances warrant the appointment of counsel, the Court must determine if the Defendant is "unable to afford Counsel." 28 U.S.C. § 1915(e)(1). Upon reviewing the Defendant's motions, the Court is unconvinced that the Defendant is unable to afford counsel. Defendant

attempts to demonstrate indigent status by arguing that he cannot afford to pay a $10,000 retainer to retain counsel, that his current income level is too low, and his credit score has fallen to the around 550. R. Doc. 37, p. 2; 37-1, p. 1-3; 38-1, p. 1. However, the Court notes that the Defendant has not been granted nor applied for pauper status in this litigation. Additionally, the Defendant's income for the past six months averages to $1,773.38 per month. R. Doc. 37-1, p. 2. And, perhaps most tellingly, the Defendant has stated that he is willing to enter into a payment plan with an attorney. R. Doc. 37, p. 1. As such, given that the Defendant is not entitled to an attorney either constitutionally nor statutorily, the Court finds that the Defendant's circumstances do not warrant the appointment of counsel because the Defendant has not sufficiently demonstrated an inability to afford counsel at this time.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Appoint Counsel (R. Doc. 37) and Amended Motion to Appoint Counsel (R. Doc. 38)** are **DENIED.**

New Orleans, Louisiana, this 20th day of September 2016.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**