UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDDIE SUSSMAN, SR. ET AL.**           **CIVIL ACTION**

**VERSUS**           **NO: 15-2373**

**FINANCIAL GUARDS, LLC ET AL.**           **SECTION: "H"(4)**

## ORDER AND REASONS

Before the Court are Defendant Daniel Dragan's Motion for Relief from Judgment (Doc. 45) and Motion for Reconsideration (Doc. 46). For the following reasons, the Motions are DENIED.

## BACKGROUND

Plaintiffs Eddie Sussmann, Sr. and Leading Edge Financial Services LLC ("Leading Edge") brought this action against former employee Daniel Dragan ("Dragan") and his company, Financial Guards, LLC ("Financial Guards"). In their Complaint, Plaintiffs allege that Dragan worked as an independent contractor managing IT and marketing for Leading Edge for many years before he was terminated on May 15, 2015. They allege that shortly after his termination, Dragan formed Defendant Financial Guards. Plaintiffs allege that Defendants then converted Plaintiffs' assets and confidential information and refused to return them. Plaintiffs allege that, among other things, Defendants used the converted property to create websites

1

and alter an existing website, lifeguy.com, with the intention of confusing customers of Leading Edge and attracting customers to Financial Guards.

Plaintiffs filed an Amended Complaint on August 21, 2015 and served both Defendants. After Defendant Financial Guards failed to answer or otherwise make an appearance in this matter, Plaintiffs moved for the entry of default and a default judgment, which this Court granted on July 21, 2016. In doing so, the Court found that it had personal and subject matter jurisdiction over Financial Guards and that Plaintiffs had pleaded allegations against it under the Computer Fraud and Abuse Act, the Lanham Act, the Louisiana Unfair Trade Practices Act, the Louisiana Uniform Trade Secrets Act, and state law conversion. The Court entered a permanent injunction at Plaintiffs' request, stating that:

1. Financial Guards, LLC is hereby enjoined from utilizing Plaintiffs' trade secrets or other confidential and proprietary information; enjoined from accessing Plaintiffs' website platforms, email systems, and telephone systems; ordered to return any and all trade secrets, property, and information belonging to Plaintiffs in their possession, custody, or control, including all login credentials and passwords to any database, web portal, or web domain belonging to Plaintiffs; and ordered to delete and destroy any and all copies of confidential and proprietary information belonging to Plaintiffs, including, but not limited to, files maintained on any computer, drive, or e-mail account in their possession or to which they have access or over which they have control, whether in hard copy or in electronic format;
2. Financial Guards, LLC, together with its officers, directors, agents, partners, employees and related companies, and all persons acting in concert with them, are enjoined from copying, reproducing, distributing, advertising, promoting, or displaying the infringing website and content described in the Complaint and First Amended Complaint;
3. Financial Guards, LLC, together with its officers, directors, agents, partners, employees and related companies, and all persons acting in concert with them, are ordered to destroy all

  materials or articles infringing Leading Edge Financial's trade dress;

On September 13, 2016, Defendant Dragan filed two motions for relief from this judgment. In his first motion, he seeks relief under Federal Rule of Civil Procedure 60(b), arguing that the Court's judgment is based on a fraudulent misrepresentation of facts and limits the use of his personal property. In his second motion, Plaintiff seeks relief under Federal Rule of Civil Procedure 59(e), setting forth the same arguments.[1] This Court will consider each motion in turn.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), a party may file a Motion to Alter or Amend a Judgment within 28 days of the entry of the judgment. Under Federal Rule of Civil Procedure Rule 60(b), a Motion for Relief from Judgment may be considered outside of this time period. While the scope of Rule 59(e) is unbounded, "Rule 60(b) relief may be invoked . . . only for the causes specifically stated in the rule."[2] Pursuant to Rule 60, there are six reasons for which this Court is authorized to grant relief from final judgment:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

---

[1] Plaintiff's motion erroneously refers to Rule 59(a), which applies only to matters that have been decided at trial.
[2] *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2012) (alteration in original) (internal citations and quotation marks omitted).

3

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b)(6) has been described as a "residual clause used to cover unforeseen contingencies," and as "a means for accomplishing justice in exceptional circumstances."[3]

Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[4] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[5] A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[6] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[7] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[8]

---

[3] *Shoemaker v. Estis Well Serv., L.L.C.*, No. 14-163, 2015 WL 4875467, at *13 (E.D. La. Aug. 12, 2015).

[4] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).

[5] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

[6] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[7] *Id.* (citations omitted).

[8] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

## LAW & ANALYSIS

### A. Motion for Relief Pursuant to Rule 59(e)

Motions filed under Rule 59(e) must be filed within 28 days of the judgment from which a party seeks relief. In this case, the Court ordered that Plaintiffs are entitled to a default judgment against Financial Guards on July 21, 2016. Defendant Dragan filed his Motion for Reconsideration on September 13, 2016—outside of 28 days. Accordingly, Defendant's Rule 59 Motion is untimely.

### B. Motion for Relief Pursuant to Rule 60(b)

In his Motion for Relief from Judgment pursuant to Rule 60(b), Defendant Dragan brings two arguments. First, he alleges that the Court's prior order was based on fraudulent misrepresentations of fact made in Plaintiffs' Complaint. Second, he argues that the injunction issued by the Court inadvertently prevents him from using his personal property, specifically the website domain, lifeguy.com. This Court will consider each argument in turn.

Defendant's first argument is unavailing. By virtue of the entry of default, Plaintiffs' well-pleaded allegations of fact are deemed admitted, and this Court must accept them as true.[9] Accordingly, in light of the legal standard that this Court is required to apply, Defendant's assertions that the facts of Plaintiffs' Complaint are false does not alter its decision.

In Defendant's second argument, he alleges that he is the owner of the domain name and website lifeguy.com and that the permanent injunction issued by this Court, which prevents officers, directors, agents, partners, and employees of Financial Guards from "copying, reproducing, distributing, advertising, promoting, or displaying the infringing website and content," has

---

[9] *Nishimatsu Const. Co., Ltd. V. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

prevented him from using his personal property. He alleges that he purchased the website domain name in 2011, long before the formation of Financial Guards in 2015. Defendant Dragan asks this Court to remove him from the effects of the preliminary injunction against Financial Guards.

Plaintiffs' Complaint, however, does not specify the owner of lifeguy.com; it merely alleges that Defendants used the site to confuse Plaintiffs' customers into thinking that the site is associated with Plaintiffs' business. Accepting these allegations as true as it must, this Court held that Plaintiffs had pleaded claims against Financial Guards that entitled them to a default judgment against it.[10] The injunction entered by this Court merely precludes "Financial Guards, LLC, together with its officers, directors, agents, partners, employees and related companies, and all persons acting in concert with them" from "copying, reproducing, distributing, advertising, promoting, or displaying" lifeguy.com. The injunction does not prevent Defendant Dragan from utilizing the site in his personal capacity, separate and apart from Financial Guards. Accordingly, the relief requested by this Motion is unnecessary and therefore denied.

---

[10] The Court also specifically notes that it is clear from the record that Dragan was well aware of the suit against Financial Guards and of the necessity of obtaining an attorney to answer on Financial Guard's behalf. The Court previously struck a motion to dismiss filed by Dragan on Financial Guard's behalf, stating that a corporation may only appear in court through a licensed attorney. *See* Doc. 26. Despite this, Dragan failed to obtain an attorney to answer on Financial Guard's behalf and likewise failed to oppose the entry of default or default judgment.

## CONCLUSION

For the foregoing reasons, Defendant's Motions are DENIED.

New Orleans, Louisiana this 18th day of January, 2017

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**