UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-02373** |
| **FINANCIAL GUARDS, LLC, ET AL** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion for Appointment of Counsel (R. Doc. 63)** filed by Defendant Daniel Dragan seeking an order from the Court to appoint counsel to represent Dragan in the instant matter. The motion was opposed. R. Doc. 68. For the following reasons, the Motion to Appoint Counsel is **DENIED.**

### I. Background

This action was filed in the District Court on June 29, 2015. R. Doc. 1. Plaintiffs Eddie Sussman, Sr. and Leading Edge Financial Services ("Plaintiffs") brought this action against Daniel Dragan and Financial Guard Services ("Defendants") under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030; the Lanham Act 15 U.S.C. § 1125(a); the Louisiana Uniform Trade Secret Act ("LUTSA") La. Rev. Stat. § 51:1431 *et seq.*; the Louisiana Unfair Trade Practices Act ("LUPTA") La. Rev. Stat. § 51:1401 *et seq.*; and the state law tort claim of conversion. R. Doc. 4, p. 1-2. The Plaintiffs allege that Dragan was a former independent contractor for the Plaintiffs managing the IT and marketing needs of Leading Edge Financial Services and its subsidiaries. R. Doc. 4, p. 3-4. Plaintiffs further allege that Dragan had access to all of the Plaintiffs confidential, proprietary and trade secret information while an independent contractor. *Id.* at p. 4. Plaintiffs state that the independent contractor agreement with Dragan was terminated on May 15, 2015. *Id.* Soon thereafter, Plaintiffs allege that Dragan started Financial Guard Services to compete with the Plaintiffs; Plaintiffs also allege that the Defendants used the Plaintiffs' confidential, proprietary,

and trade secret information that Dragan had stolen before his contract was terminated. *Id.* at p. 5. Plaintiffs allege that the Defendants have refused to return the converted property as well as have created a number of websites mimicking Plaintiffs' websites in order to confuse Plaintiffs' customers to do business with the Defendants. Moreover, Plaintiffs allege that the Defendants have used the converted property to: 1) redirect incoming calls from Plaintiffs' business telephone lines to Defendants' lines; 2) access Plaintiffs' email marketing service to mass email Plaintiffs' customers to direct them to contact Defendants; and 3) redirect payment of certain insurance commissions from Plaintiffs' bank account to Defendants' bank account. *Id.* at p. 9-10. Plaintiffs seek damages as well as injunctive relief for the return of the Plaintiffs' property. Defendant Dragan filed a counterclaim alleging a number of bases for damages. R. Doc. 28.

On July 21, 2016, the District Court granted Plaintiffs' motion for default judgment against Financial Guard Services pursuant to Federal Rule of Civil Procedure 55(b). R. Doc. 34.

On September 20, 2016, this Court denied the Defendant's previous motion for appointment of counsel and amended motion for appointment of counsel. R. Doc. 47. The Court found that the Defendant was not entitled to counsel because he had not sufficiently demonstrated an inability to afford counsel. *Id.* at p. 4.

On April 24, 2017, the Defendant filed another motion for appointment of counsel. R. Doc. 63. The Defendant again argues that he is unable to afford to pay an attorney and that he has been unable to secure counsel despite contacting a number of attorneys and legal aid organizations. R. Doc. 63-1, p. 2-4. In particular, the Defendant again asserts that he is unable to pay for a $10,000 retainer to secure counsel. *Id.* The Defendant has also attached documentation of his bank statements for 2016 as well as 1099 reported income. R. Doc. 63-2. He has provided no information of income earned thus far in 2017. The Defendant argues that he needs counsel because he cannot

efficiently defend himself because he lacks the legal and procedural knowledge to file the proper information in a timely manner. R. Doc. 63-1.

The Plaintiffs oppose the motion. R. Doc. 68. They argue that not only has the Defendant only regurgitated the motion that he previously filed, but also that the Defendant has not shown an inability to afford counsel or that there are exceptional circumstances warranting the appointment of counsel.

## II. Legal Standard

There is neither "a constitutional right [nor] an automatic right to appointed counsel in a civil case" *Margin v. Soc. Sec. Admin*, No. 08-4605, 2009 WL 3673025, at *1 (E.D. La. Oct. 28, 2009) (citing *Caston v. Sears, Roebuck, & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). However, "'[a] federal court has discretion to appoint counsel if doing so would advance the proper administration of justice.'" *Gilbert v. French*, 364 F. App'x 76, 84 (5th Cir. 2010) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982)). In particular, 28 U.S.C. § 1915(e)(1) provides that "[t]he Court may request an attorney to represent any person unable to afford counsel."

Appointment of counsel for civil litigants has been limited to "exceptional circumstances." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer*, 691 F.2d at 212). While the Fifth Circuit has not articulated a complete definition of exceptional circumstances, the Fifth Circuit has listed certain factors to consider in determining if the circumstances warrant the appointment of counsel. *Id.* Those factors are:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate the case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)). The Court may weigh these factors as it sees fit depending on the facts of the case. *Id.* at 801 ("[T]he district court was free to weigh other factors more heavily in finding that exceptional circumstances existed.") The Court may also consider the extent of the litigant's attempt to secure private counsel. *Id.* (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).

### III.    Analysis

Defendant Dragan has filed another motion for appoint counsel to represent him. R. Doc. 63. Before the Court can evaluate the factors determining if exceptional circumstances warrant the appointment of counsel, the Court must determine if the Defendant is "unable to afford Counsel." 28 U.S.C. § 1915(e)(1). Defendant attempts to demonstrate indigent status by arguing that he cannot afford to pay a $10,000 retainer to retain counsel and that his current income level is too low. R. Doc. 63-1, p. 3-5. However, the Court notes that the Defendant has provided no information as to any income—or lack thereof—for any month in 2017 and that the Defendant's average income increased for the three months following this Court's denial of his prior application. *Compare* R. Doc. 63-2, p. 2 (showing average income of $1,950.67 per month from October 2016 to December 2016), *with* R. Doc. 47, p. 4. (finding Defendant's average monthly income to be $1,773,38). As such, the Court finds that the Defendant has not sufficiently demonstrated an inability to afford counsel at this time.

However, even if the Court did find that Defendant had sufficiently demonstrated an inability to afford counsel at this time, the Court would find that there not exceptional circumstances requiring the appointment of counsel in this case. Importantly, in the instant motion as well as in prior filings, the Defendant has shown a competent ability to lay out the facts and present his case to the Court. For example, with the instant motion, the Plaintiff is able to:

summarize and explain the facts surrounding his need for counsel; provided supportive documentation; as well as explain the importance of each document provided. Moreover, the Defendant was able to properly file the instant motion in accordance with the local rules. While perhaps not done as eloquently as a practiced attorney, the Defendant appears capable of handling his defense. While the Defendant complains that he is prejudiced by not understanding procedural and legal technicalities, the Court does not feel that the Defendant is wholly incapable of reading and following the appropriate local rules. Nor does the Court find this case to be so complex as to be an exceptional circumstance requiring an attorney given that the allegations appear more focused on the contested facts surrounding the Defendant's termination as opposed to complex legal arguments. Therefore, even if the Defendant had demonstrated an inability to afford counsel, the Court would deny the motion.

**IV.** <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Appointment of Counsel (R. Doc. 63)** is **DENIED.**

New Orleans, Louisiana, this 24<u>th</u> day of May 2017.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**