UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-02373** |
| **FINANCIAL GUARDS, LLC, ET AL** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion for Protective Order to Require Deposition of Daniel Dragan Occur in Naples, Florida and, alternatively, to Require Deposition by Remote Means (R. Doc. 80)** filed by Defendant Daniel Dragan seeking an order from the Court for his deposition to be taken in either Naples, Florida or by remote means. The motion was opposed. R. Doc. 82. For the following reasons, the motion for protective order is **GRANTED.**

**I.   Background**

This action was filed in the District Court on June 29, 2015. R. Doc. 1. Plaintiffs Eddie Sussman, Sr. and Leading Edge Financial Services ("Plaintiffs") brought this action against Daniel Dragan and Financial Guard Services ("Defendants") under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030; the Lanham Act 15 U.S.C. § 1125(a); the Louisiana Uniform Trade Secret Act ("LUTSA") La. Rev. Stat. § 51:1431 *et seq.*; the Louisiana Unfair Trade Practices Act ("LUPTA") La. Rev. Stat. § 51:1401 *et seq.*; and the state law tort claim of conversion.  R. Doc. 4, p. 1-2. The Plaintiffs allege that Dragan was a former independent contractor for the Plaintiffs managing the IT and marketing needs of Leading Edge Financial Services and its subsidiaries. R. Doc. 4, p. 3-4. Plaintiffs further allege that Dragan had access to all of the Plaintiffs confidential, proprietary and trade secret information while an independent contractor. *Id.* at p. 4. Plaintiffs state that the independent contractor agreement with Dragan was terminated on May 15, 2015. *Id.* Soon thereafter, Plaintiffs allege that Dragan started Financial Guard Services to compete with the

Plaintiffs; Plaintiffs also allege that the Defendants used the Plaintiffs' confidential, proprietary, and trade secret information that Dragan had stolen before his contract was terminated. *Id.* at p. 5. Plaintiffs allege that the Defendants have refused to return the converted property as well as have created a number of websites mimicking Plaintiffs' websites in order to confuse Plaintiffs' customers to do business with the Defendants. Moreover, Plaintiffs allege that the Defendants have used the converted property to: 1) redirect incoming calls from Plaintiffs' business telephone lines to Defendants' lines; 2) access Plaintiffs' email marketing service to mass email Plaintiffs' customers to direct them to contact Defendants; and 3) redirect payment of certain insurance commissions from Plaintiffs' bank account to Defendants' bank account. *Id.* at p. 9-10. Plaintiffs seek damages as well as injunctive relief for the return of the Plaintiffs' property.

On July 21, 2016, the District Court granted Plaintiffs' motion for default judgment against Financial Guard Services pursuant to Federal Rule of Civil Procedure 55(b). R. Doc. 34.

At this time, Defendant Dragan has filed a motion for protective order seeking to have his deposition taken in Naples, Florida or by remote means. R. Doc. 80. Dragan appears to argue that submitting to his deposition by the Plaintiffs in New Orleans would cause an undue burden on him as he is over 12 hours of driving time away and travel expenses would be too costly. *Id.* at p. 2. Dragan also indicates that the deposition notice is overly broad as it seeks to depose him from day-to-day until the deposition is complete. R. Doc. 80-1, p. 2.

The Plaintiffs have opposed the instant motion arguing that the deposition should occur in New Orleans, Louisiana because: (i) they expect a significant discovery disputes to arise during the deposition; (ii) the Court has already ruled that litigating this matter in this District does not present an undue burden to Dragan; (iii) the Plaintiffs and Plaintiffs' Counsel are located in New

Orleans; and (iv) that the document-intensive nature of the case will make it more efficient to require Dragan to appear in New Orleans. R. Doc. 82.

II. **<u>Legal Standard</u>**

Federal Rule of Civil Procedure 30 governs the requirements for depositions by oral examination, allowing a party to "depose any person, including a party, without leave of the court" except in certain cases where the parties have not stipulated to the deposition and if the deponent is confined in prison. Fed. R. Civ. P. 30(a)(1)-(2). Generally, notice for a deposition requires that the party requesting deposition "give reasonable written notice to every other party.... stat[ing] the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). The noticing party must also state the method to be used for recording the testimony. Fed. R. Civ. P. 30(b)(3).

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at \*2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is

appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

### III. <u>Analysis</u>

Defendant Dragan has filed a motion for protective order seeking to have his deposition taken in Naples, Florida or by remote means. R. Doc. 80. Dragan appears to argue that submitting to his deposition by the Plaintiffs in New Orleans would cause an undue burden on him. The Plaintiffs argues that the deposition *should* occur in New Orleans

The Court has broad discretion to determine the appropriate place for a deposition to occur. *Resolution Trust Corp. v. Worldwide Ins. Management Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992). "There is a rebuttable presumption that a defendant's deposition be taken where the defendant resides, rather than the district of the lawsuit or where the events leading to the suit took place, to save defendants from undue burden or expense." *Herrera v. Werner Enter., Inc.*, No. 14-385, 2015 WL 12910677 at *1 (W.D. Tex. Mar. 19, 2015); *see also Hartman Eng'g, Inc. v. Metro. Life Ins. Co.*, 01-2570, 2002 WL 10000978, at *6 (E.D. La. Mar. 13, 2002); *Resolution Trust Corp.*, 147 F.R.D. at 127 (citing *Turner Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988)) ("There is an initial presumption that a defendant should be examined at his residence or principal place of business."). To overcome this presumption, the Court may consider a number of factors, including: (i) counsel for the parties being located in the forum district; (ii). significant discovery disputes that may arise and the anticipated necessity of the resolution by the forum court; (iii) the claim's nature and the parties' relationship such that an appropriate adjustment of the equities favors a deposition site in the forum district; and (iv) justice in balancing cost and

convenience for all parties determines the location of a defendant's deposition. *Resolution Trust Corp.*, 147 F.R.D. at 127; *Herrera*, 2015 Wl 12910677 at *1.

Here, Dragan is a *pro se* defendant with somewhat limited financial resources. *See* R. Doc. 63. Dragan appears to argue that the potential costs of housing and transportation in New Orleans would place an undue burden on him. And, the Court is not deaf to these concerns. Moreover, the case law evinces a presumption that the deposition occur in the district where Dragan resides. In a balancing of cost and convenience between the parties, the Court does not find that the Plaintiffs have overcome the presumption and finds that Dragan has demonstrated good cause for the granting of the instant protective order. Finally, in regards to the Plaintiffs' concerns about potential discovery disputes, this Court stands ready to address those should they arise by telephone.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Protective Order to Require Deposition of Daniel Dragan Occur in Naples, Florida and, alternatively, to Require Deposition by Remote Means (R. Doc. 80)** is **GRANTED**.

New Orleans, Louisiana, this 10th day of August 2017.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**