UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-02373** |
| **FINANCIAL GUARDS, LLC, ET AL** | **SECTION: "H" (4)** |

ORDER

Before the Court is a **Motion to Compel Initial Disclosures and Discover Responses (R. Doc. 81)** filed by Plaintiffs Eddie Sussman, Sr. and Leading Edge Financial Services seeking an order from the Court compelling Defendants Daniel Dragan and Financial Guards, LLC to serve their initial disclosures and to fully respond to the propounded Interrogatories and Requests for Production of Documents. The motion was not opposed. For the following reasons, the motion to compel is **GRANTED IN PART AND DENIED IN PART.**

I.   Background

This action was filed in the District Court on June 29, 2015. R. Doc. 1. Plaintiffs Eddie Sussman, Sr. and Leading Edge Financial Services ("Plaintiffs") brought this action against Daniel Dragan and Financial Guard Services ("Defendants") under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030; the Lanham Act 15 U.S.C. § 1125(a); the Louisiana Uniform Trade Secret Act ("LUTSA") La. Rev. Stat. § 51:1431 *et seq.*; the Louisiana Unfair Trade Practices Act ("LUPTA") La. Rev. Stat. § 51:1401 *et seq.*; and the state law tort claim of conversion. R. Doc. 4, p. 1-2. The Plaintiffs allege that Dragan was a former independent contractor for the Plaintiffs managing the IT and marketing needs of Leading Edge Financial Services and its subsidiaries. R. Doc. 4, p. 3-4. Plaintiffs further allege that Dragan had access to all of the Plaintiffs confidential, proprietary and trade secret information while an independent contractor. *Id.* at p. 4. Plaintiffs state that the independent contractor agreement with Dragan was terminated on May 15, 2015. *Id.* Soon

thereafter, Plaintiffs allege that Dragan started Financial Guard Services to compete with the Plaintiffs; Plaintiffs also allege that the Defendants used the Plaintiffs' confidential, proprietary, and trade secret information that Dragan had stolen before his contract was terminated. *Id.* at p. 5. Plaintiffs allege that the Defendants have refused to return the converted property as well as have created a number of websites that mimicking Plaintiffs' websites in order to confuse Plaintiffs' customers to do business with the Defendants. Moreover, Plaintiffs allege that the Defendants have used the converted property to: 1) redirect incoming calls from Plaintiffs' business telephone lines to Defendants' lines; 2) access Plaintiffs' email marketing service to mass email Plaintiffs' customers to direct them to contact Defendants; and 3) redirect payment of certain insurance commissions from Plaintiffs' bank account to Defendants' bank account. *Id.* at p. 9-10. Plaintiffs seek damages as well as injunctive relief for the return of the Plaintiffs' property.

On July 21, 2016, the District Court granted Plaintiffs' motion for default judgment against Financial Guard Services pursuant to Federal Rule of Civil Procedure 55(b). R. Doc. 34.

At this time, the Plaintiffs have filed a motion to compel the Defendants to: (i) provide initial disclosures; (ii) respond to requests for production of documents and interrogatories that were not answered; and (iii) respond more fully to incomplete answers. R. Doc. 81. The Plaintiffs state that initial disclosures were required to be exchanged no later than March 2, 2017; however, they have not received any initial disclosures from the Defendants. R. Doc. 81-1, p. 2. Moreover, the Plaintiffs state that they served Interrogatories and Requests for Production of Documents on August 5, 2016 on Defendant Dragan and Financial Guard, LLC.[1] *Id.* at p. 2-3. While Dragan apparently represents that he attempted to send responses on August 27, 2016, the Plaintiffs received some responses on May 2, 2017. *Id.* at p. 3.  However, the Plaintiffs contend that those

---

[1] Note, to date, Financial Guard, LLC has yet to make an appearance in this matter.

responses were insufficient for a number of reasons. As such, the Plaintiffs held a Rule 37 conference with the Plaintiff on May 8, 2017 and allowed for an additional thirty days to provide supplemental and missing responses. *Id.* at p. 5. At this time, the Plaintiffs contend they have received no such responses.

## II. Legal Standard

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

Note, if the motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising

that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id*.

### III. Analysis

At this time, the Plaintiffs have filed a motion to compel the Defendants to: (i) provide initial disclosures; (ii) respond more fully to incomplete answers; and (iii) respond to requests for production of documents and interrogatories that were not answered. R. Doc. 81. To the extent that the motion is sought as to Defendant Financial Guards, LLC has made no response to the discovery requests presented to it, the Court grants the motion. However, as to Dragan, the Court will address each of these concerns in turn.

First, Federal Rules of Civil Procedure 26(a)(1) provides that each Party must provide to the other Party:

> **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> **(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> **(iii)** a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> **(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

4

Fed. R. Civ. P. 26(a)(1)(A). At this time, the Plaintiffs complain that the Defendants have not yet provided its initial disclosures. However, it appears that in response to the Plaintiffs' interrogatories the Dragan has provided some of these answers, including those who he believes has information as well as some indication of the damages he appears to be claiming. To the extent though that he has not complied with the above requirement, the Court grants the motion. Dragan should provide his initial disclosures to the Plaintiffs.

Second, the Plaintiffs argue that the Court should compel Dragan to more full respond to the following interrogatories:

> **INTERROGATORY NO. 12**
>
> Please Identify and Explain each item of damage injury or loss for which You seek to recover in this action. Your response to this interrogatory should include, for purposes of illustration only and without limitation, an explanation of the nature and cause of each such item of damage, injury or loss; the total amount sought by You for each such item of damage, injury, or loss; a detailed explanation of exactly how that amount was calculated for each such item of damage, injury, or loss; and the identity of all Documents or other potential evidence that You maintain substantiate each such item of damage, injury, or loss.
>
> **INTERROGATORY NO. 14**
>
> Please Identify and describe each and every Communication between You and the Florida Office of Insurance Regulation from 2011 through the present.
>
> **INTERROGATORY NO. 15**
>
> Please Identify and describe each and every Communication between You and the United States Patent and Trademark Office from 2011 through the present.

R. Doc. 81-3, p. 12-13; *see also* R. Doc. 81-1, p. 3. As to Interrogatory No. 12, the Plaintiffs argue that Dragan did not provide a detailed explanation as to the calculation of damages as asked; and the Court agrees that he has not and grants the motion to this extent. However, as to Interrogatory Nos. 14 and 15, while the Plaintiffs complain that Dragan has not properly responded to those requests, the Court notes that Dragan objected to those requests as irrelevant. Additionally, the

5

Court finds the requests seeking "each and every communication" to be an overly broad request which exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1). The motion is denied as to these two interrogatories.

Finally, the Plaintiffs allege that Dragan has not produced responsive documents in connection with the following requests:

> **Request for Production No. 3**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 1 of Your counterclaim that You are owed overtime pay by Plaintiffs from January 15, 2008 through May 19, 2015.
>
> **Request for Production No. 4**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 2 of Your counterclaim that You are owed unpaid taxes "for the years when Plaintiffs incorrectly classified" You "as 1099 contractor."
>
> **Request for Production No. 5**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 3 of Your counterclaim that You are owed insurance commissions by Plaintiff.
>
> **Request for Production No. 6**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 4 of Your counterclaim that You are owed health insurance costs and premiums by Plaintiffs.
>
> **Request for Production No. 7**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 5 of Your counterclaim that You are owed "unpaid artwork, materials, website design costs" by Plaintiffs.
>
> **Request for Production No. 8**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 6 of Your counterclaim that You are owed costs for Your artwork and websites by Plaintiffs.
>
> **Request for Production No. 9**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 7 of Your counterclaim that You are owed damages for "lost income and opportunities" by Plaintiffs.
>
> **Request for Production No. 10**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 8 of Your counterclaim that You are owed "unpaid costs for shared rent and office expenses" by Plaintiffs.

>**Request for Production No. 11**: Please produce all Documents, including (without limitation) all Communications, related to Your assertion in paragraph 9 of Your counterclaim that You are owed damages in "lost wages, opportunities and future income due to libel and defamation actions" by Plaintiffs.
>
>**Request for Production No. 12**: Please produce all Documents relating to the amount, calculation, and/or quantum of any item of damage for which You seek to recover in the Litigation.
>
>**Request for Production No. 13**: Please produce Your state and federal income tax returns and all supporting Documents for the past five (5) years. Your response to this request should include, without limitation, all applicable schedules, exhibits, appendices, and other documents filed or submitted with your returns, such as any W-2, W-9, or K-1 Forms, as well as all back-up and supporting files or records evidencing reported income and/or claimed deductions, expenses, or losses.

R. Doc. 81-1, p. 3-4. Looking to Requests for Production Nos. 3-11, the Court finds that these requests to also be overly broad as written and not proportional in that they seek "all Documents, including (without limitation) all Communications" without any meaningful limitations except to the extent that they vaguely "relate" to Dragan's claims. The Court therefore denies the motion to this extent.

The Court grants the motion as to Request for Production No. 12. Dragan indicated that he would provide responsive documents for this request, but he apparently not yet done so. Moreover, the request appears to be proportional and relevant to the extent that it involves the amount of damages in this case.

The Court finds that Dragan did respond to Request for Production No. 13 by objecting to its relevance to the extent that they involved years prior to his resignation. However, the Plaintiffs have not identified why this particular request is relevant or why Dragan's objection is incorrect. Moreover, the Court sustains Dragan's objection and will not allow discovery of the tax returns without a showing that the information sought cannot be obtained from some other source. *See, Evans Cooperage Co. v. Quincy Soybean Co.*, No. 88-5336, 1989 WL 159360 (E.D. La. Dec. 14,

1989) ("Generally, tax returns are only discoverable if the information sought by their production cannot not be obtained in any other way."); *see also, Rosalez Funez v. E.M.S.P., LLC*, No. 16-1922, 2016 WL 5337981, at *3 (E.D. La. Sept. 23, 2016). Therefore, the Court denies the motion to this extent.

Finally, given that the Court is granting and denying parts of the instant motion, the Court does believe an award of fees is warranted at this time.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion to Compel Initial Disclosures and Discover Responses (R. Doc. 81)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiffs' motion is **GRANTED** to the extent that Financial Guards, LLC must provide responses to its discovery requests **no later than August 25, 2017.**

**IT IS FURTHER ORDERED** that the Plaintiffs' motion is **GRANTED** that Daniel Dragan must provide his initial disclosures and fully respond to Interrogatory No. 12 and Request for Production No. 12 **no later than August 25, 2017.**

**IT IS FURTHER ORDERED** that the Plaintiffs' motion is **DENIED** in all other regards.

New Orleans, Louisiana, this 10th day of August 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**