UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-02373** |
| **FINANCIAL GUARDS, L.L.C. ET AL** | **SECTION: "H" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Intervene (R. Doc. 122)** filed by State Farm Fire and Casualty Company seeking to have the obligations with respects to its insured, Eddie Sussman and/or Leading Edge Financial Services, LLC. The motion is opposed. R. Docs. 129, 131. The motion was submitted on October 16, 2017. For the following reasons the motion to intervene is **GRANTED**.

**I.      Background**

The instant action was filed on June 29, 2015 by Plaintiffs Eddie Sussman, Sr. ("Sussman") and Leading Edge Financial Services ("Leading Edge") against former employee Daniel Dragan ("Dragan") and his company, Financial Guards, LLC ("Financial Guards"). The complaint was amended on August 21, 2015. Rec. Doc. 1, 4. Plaintiffs allege that Dragan worked as an independent contractor managing IT and marketing for Leading Edge for many years prior to his termination on May 15, 2015. They further allege that after his termination Dragan formed Financial Guards and converted Plaintiffs' assets and confidential information as well as manipulating Plaintiffs' websites, email, and telephone systems to confuse and lure customers from Leading Edge to Financial Guards.

In 2015, after the Plaintiffs discovered the damage to their computer systems and loss of data, they made a claim against a business policy they held with State Farm Fire and Casualty

Company ("State Farm"). State Farm instructed Sussman to provide the documentation of the value of his losses. R. Doc. 126-2. The instant action against the Defendants was filed after this claim was made to State Farm.

A counterclaim in the case was filed on January 20, 2016. R. Doc. 29. Plaintiffs state that they did not become aware of the counterclaim or its significance to the liability and coverage portion of the policy with State Farm until the spring of 2016. R. Doc. 126-2. State Farm alleges that it did not become aware of the counterclaim until July 17, 2017, when it was put on notice that the Plaintiffs intended to seek defense and/or indemnification. R. Doc. 122-1.

At this time, State Farm has filed a motion to intervene in the instant action. State Farm had issued a form business owners coverage policy to Leading Edge and alleges that on July 17, 2017, it was first notified of the counterclaim being filed against Sussmann and Leading Edge. State Farm then assigned an attorney to the case and despite attempts to settle a compromise could not be reached. State Farm attempted to obtain permission from all other parties pursuant to Local Rule 7.6 to intervene, however, the parties to the case opposed intervention.  R. Docs. 122-1, 122-4, 122-5. State Farm then filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a) and 24(b) under the theory that it meets the requirements for Intervention of Right as well as Permissive Intervention. R. Doc. 122.

Finally, between the filing of the motion and this order the Plaintiffs were granted a partial summary judgement against Daniel Dragan for violation of the Computer Fraud and Abuse Act, Louisiana Uniform Trade Secrets Act, Louisiana Unfair Trade Practices Act, and state law conversion claims. R. Doc. 127. Plaintiff's claims for trade dress infringement, damages on its claims against the Defendants, and the Defendants' counterclaims are set for trial on January 16, 2018.

## II.     Standard of Review

### A.     Intervention of Right

Federal Rule of Civil Procedure 24(a) governs intervention as of right. Rule 24(a) requires that on a timely motion the court must permit anyone to intervene who either is given an unconditional right to intervene by a federal statute or who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

While the movant in a motion to intervene, "bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (internal quotation marks omitted) (quoting *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015)). The inquiry made under Rule 24(a) is considered a "flexible one" and is meant to be measured by a "practical rather than a technical yardstick." *Entergy Gulf States La, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (internal citations omitted) (quoting *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir.1996)). Finally, because Rule 24(a) is to be liberally construed any doubts are to be "resolved in the favor of the intervenor." *Id.* (internal citations omitted) (quoting *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009)).

When the movant does not have an "unconditional right" under a federal statute, the movant must instead satisfy a four part test:

> (1) the application ... must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Wal-Mart Stores, Inc.*, 834 F.3d at 565 (quoting *Texas*, 805 F.3d at 657).

3

Finally, the Fifth Circuit has delineated four factors that are particularly relevant when considering the timeliness of a motion to intervene:

> (1)The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citing *Stallworth v. Monsanto Co.*, 588 F.2d 257, 264-66 (5th Cir. 1977)). However, "[t]hese factors are a framework and not a formula for determining timeliness." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (internal quotation and citation omitted). Rather, "[t]he analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club*, 18 F.3d at 1205.

### B.    Permissive Intervention

Federal Rule of Civil Procedure 24(b) governs permissive intervention. Rule 24(b) states that on a timely motion the court may allow anyone to intervene who is given a conditional right to do so by federal statute or has a claim or defense that shares with the main action a common question of law or fact. Further, "[e]ven if not warranted as a matter of right., the Court has broad discretion to allow permissive intervention where…the parties seeking to intervene assert claims with a common question of fact or law in connection with the main action." *Hanover Insurance Co. v. Superior Labor Services, Inc.*, 2016 WL 1393388, at *5 (E.D. La. 04/08/2016) (Morgan, J.). When exercising its discretion in determining whether to grant a motion to intervene, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Accordingly a court should, "consider whether permissive intervention will achieve judicial economy." *Id*. The purpose of the intervention rule is to "prevent multiple lawsuits

4

where common questions of law or fact are involved." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994)

### III.    Analysis

#### A.    Intervention of Right

##### 1.    Timeliness

The motion to intervene by State Farm is timely. According to the Fifth Circuit, the inquiry into timeliness "is contextual; absolute measures of timelines should be ignored." *Wal-Mart Stores, Inc.*, 834 F.3d at 565 (quoting *Sierra Club*, 18 F.3d at 1205). Further, timeliness is not limited to just chronology but is to be evaluated based on all the circumstances. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). Finally, the Fifth Circuit has found timeliness when the intervenor "did not seek to delay or reconsider phases of the litigation that had already concluded." *Wal-Mart Stores, Inc.*, 834 F.3d at 565.

Under the first prong of the timeliness analysis, the length of time the intervenor knew or should have known of its interest before its petition to intervene, weighs in favor of allowing State Farm to intervene. In their Opposition to the motion, Plaintiffs argue that when State Farm was made aware of the initial business claims related claims in 2015, a reasonable application of due diligence would have put State Farm on notice of the potential of indemnity and defense obligations. R. Doc. 126-2.

The initial claim to State Farm, in 2015, was a claim regarding the business losses and costs of the Plaintiffs. However, at that time there was no counterclaim that would implicate the indemnity and defense provisions of the business policy. Once State Farm became aware of the counterclaim against their insureds on July 17, 2017, after being notified by the Plaintiffs, State Farm began the process to attempt to settle the claim and finally file the motion to intervene on

5

October 16, 2017. Once State Farm was actually aware of the pending counterclaim they acted reasonably. Further the initial insurance claim was a first-party claim meant to cover the business losses. Whereas, the current claims are third-party claims that involve an insured's liability to a third-party. The difference in this nature of the claims indicates that State Farm could not have predicted from the initial claims that their insured's liability would be implicated later.

Additionally, Plaintiffs in their opposition memorandum state that they did not become aware of the counterclaim or its significance until spring of 2017, yet, they argue that State Farm should have been aware of a claim the uninsured themselves were unaware of. R. Doc. 126-2. This Court finds that State Farm was unaware of its potential obligations until mid-July and the delay of approximately 2-months before the motion to intervene was filed is reasonable in light of those circumstances.

This Court finds that under the second-prong of the timeliness analysis there is no prejudice to the existing parties in allowing State Farm to intervene. As previously stated, the Fifth Circuit has found timeliness when the intervenor "did not seek to delay or reconsider phases of the litigation that had already concluded." *Wal-Mart Stores, Inc.*, 834 F.3d at 565. During oral arguments State Farm told this Court that it had no intention of delaying the litigation in any way and maintained that it planned to abide by all current scheduling dates. In addition, State Farm stated it planned to call no additional witness then were already listed. An intervention by State Farm would not delay the litigation. In addition, State Farm is concerned with the indemnity and defense coverage for their insured and as such those issues would be tried before the district court judge and not a jury.

The third prong of the timeliness analysis, whether if the intervention was denied it would prejudice the intervenor, leads this court to the conclusion that it would not prejudice State Farm. If intervention were denied to State Farm that would not impact its claims in any way.

Because State Farm filed its motion to intervene within a reasonable amount of time after learning of its potential obligations, the lack of prejudice to the parties, and the absence of unusual circumstances, it leads this Court to conclude that this motion is timely.

### 2.     Interest

While the motion is timely, State Farm does not have the requisite interest for intervention as of right as required by Federal Rule of Civil Procedure 24(a)(2). Plaintiffs are correct in arguing that *Ross v. Marshall*, 456 F.3d 442, is applicable. In that case the Fifth Circuit stated that "when an insurer defends under a full reservation of rights, their interest in the litigation is contingent upon the outcome of the coverage lawsuit. That interest, without more, is insufficient for intervention." State Farm's interest would only be implicated when coverage of the insured was required to be litigated. As the Court in *Ross* stated, defense under a full reservation of rights is insufficient for intervention "without more." *Id*. Our instant case is similar enough to *Ross* to find that State Farm does not meet the requirements of intervention as of right under Rule 24(a)(2).

### B.     Permissive Intervention

While intervention of right is not available to State Farm, that does not end the Court's inquiry. The Court must next turn to the alternative argument for permissive intervention under Rule 24(b). Rule 24(b) like 24(a) requires that the motion to intervene be timely. As previously stated, this Court finds that in evaluating the four prong test, the motion to intervene is timely.

Next, this Court is required to examine whether State Farm has a claim that shares with the main action a common question of law or fact pursuant to Rule 24(b)(1)(B). State Farm claims

that it would not be required to provide coverage to its insureds for any liability incurred from the crossclaims in the main action. R. Doc. 122-6. The question of whether the Plaintiffs are liable for any of the crossclaims will therefore affect whether the coverage claim would need to be litigated by State Farm. The question of the Plaintiffs liability from the counterclaims is a question that State Farm shares with all parties as that would alter any obligations, duties, or lack thereof going forward.

In addition, State Farm indicated during oral argument that it in no way seeks to delay the instant litigation and their intervention will not prejudice the adjudication of the original parties' rights. State Farm at the motion hearing specifically stated it will call no additional witnesses, will not seek to change any scheduled deadlines, or otherwise impair this litigation. Therefore, allowing State Farm to intervene will promote judicial economy, which is a factor to consider for intervention. *See Hanover Insurance Co.*, 2016 WL 1393388 at *5.

As a result, because the motion to intervene is timely, has a claim that shares a common question of law or fact with the main action, and will not delay or prejudice the main action the requirements for permissive intervention under 24(b) are met.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that State Farm Fire and Casualty Company's **Motion to Intervene (R. Doc. 122)** is **GRANTED**.

New Orleans, Louisiana, this 6th day of November 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**