UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR. ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-02373** |
| **FINANCIAL GUARDS, LLC ET AL** | **SECTION: "H" (4)** |

## ORDER

Before the Court is Defendant Daniel Dragan's **Motion for Extension of Time for Deposition of Party (R. Doc. 152)**. The motion is opposed. R. Docs. 158, 162. The motion was submitted on November 29, 2017.

### I.     Background

The instant action was filed on June 29, 2015, by Plaintiffs Eddie Sussman, Sr. ("Sussman") and Leading Edge Financial Services ("Leading Edge") against former employee Daniel Dragan ("Dragan") and his company, Financial Guards, LLC ("Financial Guards"). The complaint was amended on August 21, 2015. Rec. Doc. 1, 4. Plaintiffs allege that Dragan worked as an independent contractor managing IT and marketing for Leading Edge for many years prior to his termination on May 15, 2015. They further allege that after his termination Dragan formed Financial Guards and converted Plaintiffs' assets and confidential information as well as manipulating Plaintiffs' websites, email, and telephone systems to confuse and lure customers from Leading Edge to Financial Guards.

On January 20, 2016, the complaint was answered and Dragan asserted a number of counterclaims including unpaid wages for overtime worked, unpaid costs, lost income and opportunities, libel and defamation. R. Doc. 28. Plaintiffs filed their answer to the counterclaims on February 11, 2016. State Farm Fire and Casualty Company's moved to intervene and that

motion was granted and the intervenor complaint was filed on November 6, 2017. R. Docs. 139, 140.

The District Court issued a scheduling order in this case on May 15, 2017. R. Doc. 71. The order sets the deposition and discovery deadline in the case for September 15, 2017. The pretrial conference is set for December 14, 2017, and trial is set for January 16, 2018. *Id.*

At this time, Defendant Dragan has filed a motion for the extension of time to depose Eddie Sussman, Sr. R. Doc. 152. Dragan states that he attempted to obtain dates to depose Sussman, was largely ignored, and the Plaintiffs gave Dragan a date that they knew Dragan would be out of the country. R. Doc. 152-2, p. 1. Dragan provides emails that were exchanged with Plaintiffs' counsel on July 14, 2017, attempting to set dates for the deposition at the end of August. R. Doc. 152-2, p. 56. In those emails Dragan states that he was looking at the days of August 15-18, 2017, for depositions and would conduct the depositions by phone or video conference. R. Doc. 152-2, p. 58. Plaintiffs' counsel states they would be unavailable for the dates of August 16-18 and asked for alternative dates. *Id.* at p. 57. Dragan responded by attempting to set August 15, 2017, and proposed additional dates of August 21-25 for depositions. *Id.* at 56. Plaintiffs' counsel responded by stating that they would let Dragan know whether August 15, 2017 worked for Sussman and would reply with dates for other depositions. *Id.* Dragan provided one additional email from November 12, 2017, asking for deposition dates of Sussman (and others) and that he was requesting an extension of time for depositions only. *Id*. at p. 70. Nowhere in Dragan's motion does it state what the proposed date of Sussman's deposition would be, nor is any date requested as the new deposition deadline.

Plaintiffs have opposed the motion. R. Doc. 162. Plaintiffs state that not only did they attempt to work with Dragan to set the deposition of Sussman, they even stipulated to dates outside

the discovery period. *Id.* at p. 2. They further argue that Dragan employed stall tactics and failed to timely respond to efforts to provide dates for the deposition and that Dragan made himself unavailable for the final weeks of the discovery period. *Id*. Counsel for the plaintiffs state that on September 27, 2017, they held a phone conference with Dragan to request dates for his deposition during which time Dragan provided his availability and requested states for Sussman. *Id*. at p. 3. Plaintiffs state that on October 5, 2017, they provided Dragan with the dates of November 27, 2017, the week of December 4, 2017, and the week of December 11, 2017 as Sussman's availability. Dragan responded he would need to check those dates. *Id.* Plaintiffs state Dragan did not contact them again until November 12, 2017 via email, asking for Sussman's available dates as well as an stating he was filing a motion for an extension of time. *Id.* at p. 4 Plaintiffs further state that at no time prior to the filing of the instant motion did Dragan ever notice Sussman for deposition or seek to compel his appearance and that they were never made aware until later that Dragan was out of the country for the last two weeks of the discovery period. *Id*. In concluding their opposition, Plaintiffs state that Dragan has provided no good cause for the extension at such a late date in the litigation. *Id.* at p. 8.

Intervenor State Farm also opposes Dragan's motion because Dragan only provides emails from July 14 and November 12 and shows no follow-up of attempting to secure a deposition of Sussman at any period in-between those dates. R. Doc. 158, pp. 1, 2. State Farm argues that no good cause has shown for an extension of any dates. They also note that Dragan opposed State Farm's intervention in the case on the grounds it would delay the case, which State Farm finds "ironic" since Dragan is now seeking an extension of time. *Id*.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 16(b) governs the modification of a court's scheduling order. Rule 16(b) allows changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). Further, in determining whether good cause has been shown, a court should consider four factors: (1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice. *Id*.

Rule 30 governs depositions. As a general matter, a party may by oral questions, depose any person, including a party, without leave of the court and a deponent's attendance may be compelled by subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1). A party who wants to depose a person by oral questions "must give reason able written notice to every other party." Fed. R. Civ. P. 30(b)(1). Further, that notice must state a time and place of the deposition and the deponent's name and address, if those are known. *Id.*

## III. Analysis

In this case, the District Court had entered a scheduling order setting September 15, 2017 as the deposition and discovery deadline in the case. Dragan is seeking to extend the deadline in order to conduct a deposition of Sussman. Therefore, Rule 16(b) is applied to determine whether Dragan has shown good cause for the extension of the deadlines in this case.

Dragan has provided no persuasive explanation for his failure to timely depose Sussman in this case. Dragan claims that he was only given one date for the deposition, which was when he

4

was out of the country, and that he was largely ignored when trying to obtain dates. The court finds that Dragan's inability to conduct a deposition on September 6, 2017, because he made himself unavailable by leaving the country for the final few weeks of the discovery period, does not weigh in his favor. At the time that Dragan chose to leave the country he was both aware that a discovery deadline existed in the case and that he had not yet deposed Sussman. His unavailability for a deposition date is not the fault of other parties. Second, Dragan provided the Court no notice of deposition required by Rule 30, nor did Dragan attempt to compel Sussman's deposition prior to his leaving the country. Further, even after returning to the country, Dragan has provided no documents showing he attempted to depose Sussman prior to the November 12, 2017 email he sent to opposing counsel. R. Doc. 152-2, p. 70.

In addition, the emails that Dragan does provide are from July 14, 2017, attempting to set deposition dates in August. He provides no record to the Court of due diligence in following up with opposing counsel to set dates or any other affirmative steps between those July emails and the September discovery deadline. Plaintiffs' opposition indicates that they even attempted to satisfy Dragan by setting a date outside the deadline, but Dragan has not followed up or stipulated with Plaintiffs that one of those dates would be acceptable either. The explanation for why Dragan was unable to depose Sussman prior to the discovery deadline is weak, and this factor weighs against permitting the untimely deposition.

There is no doubt that the deposition of a named party in the case is important. In their opposition, Plaintiffs state Dragan's actions in this case, however, suggest that Dragan is not overly concerned with Sussman's deposition. R. Doc. 162, p. 8. The Court, however, finds that while Dragan may not have been diligent in attempting to set the deposition, the importance of the deposition still weighs in his favor.

The third factor, the potential of prejudice in allowing the untimely conduct, weighs against the extension of time for the deposition of Dragan. The case was filed on June 29, 2015, and therefore has been pending for over two years. Trial is set for January 16, 2018, and allowing the extension of the discovery deadline at this point in the litigation may precipitate a motion to continue. Whether a continuance is available or would be necessary would depend on when a deposition could occur, but Dragan has not provided any specificity to his relief request and provided dates on which or by which he would like this deposition to occur. The Plaintiffs state that they would be prejudiced by any extension because they have already spent resources addressing late discovery requests, they would incur additional expenses, and they seek a resolution of this case at trial on January 16, 2018. R. Doc. 162, pp. 7, 8. The third factor, of potential prejudice weighs against the granting of the motion.

The fourth factor, availability of a continuance to cure prejudice, also weighs against the extension of time to conduct a deposition in this case. The trial is near and the Plaintiffs seek a resolution to this litigation not a continuation of the litigation. A continuance would delay the resolution of this case, which has been pending for over two years. Federal Rule of Civil Procedure 1 states that federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.The fourth factor also weighs against granting an extension of time for the deposition of Sussman.

The Court finds that Defendant Dragan was not diligent in attempting to meet the discovery deadline in this case and that no good cause exists to modify the scheduling order to allow for a deposition. However, because Plaintiffs' counsel were generous enough to provide Dragan with dates that Sussman would be available, including the week of December 11, 2017, the Court will

provide limited relief. Therefore, the Court orders that the deposition of Eddie Sussman, Sr. will occur on either December 13 or the morning of December 14, 2017 in the United States District Court for the Eastern District of Louisiana located at 500 Poydras Street, New Orleans, Louisiana. The deposition must occur in the Courthouse on either of those dates and before the Pre-Trial Conference is held on December 14, 2017.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Extension of Time for Deposition of Party (R. Doc. 152)** is **GRANTED in PART** and **DENIED in PART.**

**IT IS FURTHER ORDERED** that Defendant's motion is **DENIED** to the extent that Defendant Dragan requested an extension of time for the deposition without setting a deadline or deposition date.

**IT IS FURTHER ORDERED** that the Defendant's motion is **GRANTED** to the extent that the deposition of Eddie Sussman, Sr. will occur on either December 13 or the morning of December 14, 2017 in the United States District Court for the Eastern District of Louisiana located at 500 Poydras Street, New Orleans, Louisiana. The deposition must occur in the Courthouse on either of those dates and before the Pre-Trial Conference is held on December 14, 2017.

New Orleans, Louisiana, this 7th day of December 2017.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**