UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-02373** |
| **FINANCIAL GUARDS, LLC ET AL** | **SECTION: "H" (4)** |

## ORDER

Before the Court is Plaintiffs' **Motion for Protective Order (R. Doc. 141)** seeking an order from the Court quashing subpoenas issued to third-parties. The motion is opposed. R. Doc. 165. The motion was submitted on November 29, 2017.

### I.     Background

The instant action was filed on June 29, 2015, by Plaintiffs Eddie Sussman, Sr. ("Sussman") and Leading Edge Financial Services ("Leading Edge") against former employee Daniel Dragan ("Dragan") and his company, Financial Guards, LLC ("Financial Guards"). The complaint was amended on August 21, 2015. Rec. Doc. 1, 4.

Plaintiffs allege that Dragan worked as an independent contractor managing IT and marketing for Leading Edge for many years prior to his termination on May 15, 2015. They further allege that after his termination Dragan formed Financial Guards and converted Plaintiffs' assets and confidential information as well as manipulated Plaintiffs' websites, email, and telephone systems to confuse and lure customers from Leading Edge to Financial Guards.

On January 20, 2016, the complaint was answered and Dragan asserted a number of counterclaims including unpaid wages for overtime worked, unpaid costs, lost income and opportunities, libel and defamation. R. Doc. 28. Plaintiffs filed their answer to the counterclaims on February 11, 2016. State Farm Fire and Casualty Company's moved to intervene and that

motion was granted and the intervenor's complaint was filed on November 6, 2017. R. Docs. 139, 140.

The instant motion was filed by the Plaintiffs who seek to quash subpoenas that Dragan has issued to third-parties. R. Doc. 141. Plaintiffs argue that the subpoenas issued by Dragan are untimely, seek the production of proprietary, confidential, privileged, or otherwise irrelevant information, and the subpoenas do not comply with Federal Rule of Civil Procedure 45 and its geographic requirements. R. Doc. 141-1, pp. 1, 2.

Plaintiffs argue that Dragan filed his motion for the Court to issue a documents subpoena to third-parties Sheila Keller and Blue Lava Design Inc. on August 7, 2017, the subpoena was issued on August 21, 2017. However, Plaintiffs state that this subpoena was not served until October 11, 2017, nearly one month after the discovery deadline, and provided for a thirty day response.

In addition, Plaintiffs state that Dragan requested any communication between Sheila Keller, Blue Lava Design, LLC, and Sussman about Dragan for an 8-month period of time. *Id.* at p. 2. According to the Plaintiffs, the information that Dragan seeks is covered by the work product doctrine because these third-parties were hired to fix issues that Dragan had not completed and reported that the IT systems had been accessed and altered. *Id.* at p. 8.

Plaintiffs were informed that the system was damaged intentionally and Plaintiffs engaged these third-parties to investigate the unauthorized actions and report their findings in preparation of litigation. *Id.* Sussman has attached the motion an affidavit attesting to the fact that these parties were hired to conduct an investigation in preparation of litigation and any communications between him and those third-parties were in connection of the possible future litigation. R. Doc. 141-7.

Next, Plaintiffs state that on August 29, 2017, Dragan filed a motion for a documents subpoena to third-party Blue Host, Inc. which was issued on September 11, 2017. *Id*. at p. 3. They state that this subpoena was not served until October 10, 2017, which was well after the discovery deadline and provided for a thirty day response. *Id.* Plaintiffs state that this subpoena requested activity logs of sent emails from a number of email addresses to prove overtime work hours by Dragan, as well as domain names and file folders hosted on a number of accounts. *Id*. Plaintiffs state that the information sought by Dragan contains proprietary and confidential communications and information relative to their business. *Id*. at p. 10. They further argue that this information contains communications with customer and business contacts that form the basis of Plaintiffs online business and are at the core of their claims of conversion against Dragan. *Id*.

Finally, Plaintiffs argue that all the subpoenas violate Federal Rule of Civil Procedure 45 because they require compliance outside of the 100-mile geographic limit. *Id*. at pp. 3, 4.

In his opposition, Dragan states that Hurricane Irma caused the issues in the service of the subpoenas in this case. R. Doc. 165. He also states that the delays were caused by errors by the Clerk of Court. *Id*.

The Plaintiffs rebut Dragan's contentions by arguing that the Hurricane Irma did not affect Naples until September 20, 2017, which was twenty days after the subpoenas were issued. R. Doc. 171-1. Further, they argue the delay was because Dragan left the country and because Dragan chose to rely on the postal service to have the subpoenas served on the third-parties. *Id.* at p. 2.

## II.  **Standard of Review**

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii)

requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

Nonetheless courts have also held that a party "has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218–19 (M.D. La. 2016). Under Rule 26(c), the Court "may, for good cause," protect a party from "undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1)(D). To satisfy "good cause," "[t]he burden is upon the movant to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1325–26 n. 3 (5th Cir. 1978)).

"Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (Wilkinson, J.). Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense....." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

**III.   Analysis**

    **a.   Subpoena sent to BlueHost Inc.**

In this case, Dragan served a subpoena on third-party BlueHost Inc., which is located at 10 Corporate Drive Suite #300, Burlington, MA 01803, and the subpoena requires production at an address located in Naples, Florida. Rule 45(d)(3)(A) requires that a motion to quash or modify a subpoena must be filed "in the court for the district where compliance is required." The place of compliance with regards to the subpoena served on third-party BlueHost Inc. is not the Eastern

District of Louisiana. *See Fidelis Grp. Holdings, LLC v. Chalmers Automotive, LLC*, No. 16-3258, 2016 WL 4547994 (E.D. La. Sept. 1, 2016) (stating that because the subpoena required compliance in Delaware, the motion to quash was improvidently filed in the Eastern District of Louisiana). The Eastern District of Louisiana does not have jurisdiction over the place of compliance or production and as such was improvidently named by Plaintiffs in the motion to quash. Therefore, Plaintiff's motion to quash the subpoena to BlueHost, Inc. is denied.

### b. Subpoena sent to Sheila Keller and Blue Lava Design, LLC

Dragan also served a subpoena on third-party Sheila Keller and Blue Lava Design, LLC, which regularly transacts business at 83385 LA 437, Covington, Louisiana, 70435. The subpoena requests production at an address in Naples, Florida. The Court has the authority to modify or quash the subpoena pursuant to Rule 45(d)(3). As noted previously, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

Dragan's subpoena requests:

> Any communication between Ms. Sheila Keller of Blue Lava Design, LLC and Mr. Edgardo "Eddie" Sussman, Sr. regarding Mr. Daniel Dragan, including but not limited to: any email communications, websites, links, redirections, investigations, complaints, accounts access, and any other logs and documents, from 02/1/2015 to 10/1/2015.

Courts have previously found a standing to object to a subpoena when it implicates someone's personal interest in their cell phone records and when the discovery concerns discussion about a settlement agreement between plaintiffs and defendants,  *See Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 WL 3778833 (E.D. La. July 29, 2014); *Mendoza v, Old Republic Co., et al*, No. 11-3040, 2017 WL 636069 (E.D. La. Feb. 15, 2017).

In this case, the subpoena to Sheila Keller and Blue Lava Design, LLC is asking for communications between the Plaintiffs and the third-party, something that the Plaintiffs have an interest in. Plaintiffs also state that some of those emails contain communications between Sussman, the third-parties, and Sussman's attorney. R. Doc. 141-1, p. 9. Plaintiffs also say the communications involve confidential, proprietary, and trade secret information that is related to the business, and attach an affidavit by Sussman attesting to that. R. Doc. 141-7, p. 2. Applying *Braddick*'s sufficient interest test and prior cases, Sussman clearly has a sufficient interest to challenge a subpoena.

Turning to the subpoena, it has been noted that "subpoenas duces tecum must also comply with discovery deadlines to avoid being quashed." 9A Fed. Prac. & Proc. Civ. § 2459. Further, courts have noted that parties should "not be able to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery." *Id*. at § 2452. *See Goldstein v. F.D.I.C.*, 494 B.R. 82, 87 ("[C]ourts have held that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery."); *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585 (S.D. Ala. 2010) (subpoena duces tecum was denied because it would have allowed defendant to circumvent discovery deadline); *Surbella v. Foley*, 2006 WL 300749 (D.C. Ohio 2006) (A subpoena issued before the close of discovery that scheduled a deposition after the end of the discovery period was not enforced); *Alper v. U.S.*, 190 F.R.D 281 (D.C. Mass. 2000) (Rule 45 subpoenas are subject to parameters established by Rule 26).

In this case, the subpoenas were issued to Dragan on August 21, 2017, and the subpoena itself states that production should occur by September 7, 2017. R. Doc. 141-4, p. 2. Dragan states that he did not receive the subpoenas until August 30, 2017. R. Doc. 165, p. 4. However, Dragan

admits that the subpoenas were not served until on or around October 10, 2017. R. Doc. 165, p. 5. The Court finds that Dragan did not act with due diligence to meet the discovery deadline. As Dragan has previously admitted to this Court, he was out of the country for the final two days of the discovery period until September 15, 2017. Because the subpoenas were served so far outside the deadlines set in this case the motion to quash the subpoena as to Sheila Keller and Blue Lava Design, LLC is granted. Nothing prevented Dragan from having the court issue subpoenas and as a result serve them within the deadlines set by the District Court.

### IV. Conclusion

**IT IS ORDERED** that the Plaintiffs' **Motion for Protective Order (R. Doc. 141)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** with respect to the subpoena served on Sheila Keller and Blue Lava Design, LLC. Therefore, that subpoena is quashed.

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to subpoena served upon BlueHost, Inc.

New Orleans, Louisiana, this 12th day of December 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**