UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE SUSSMAN, SR. ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-02373** |
| **FINANCIAL GUARDS, LLC ET AL** | **SECTION: "H" (4)** |

# ORDER

Before the Court is Defendant/Counter claimant Daniel Dragan's **Motion to Compel Production of Documents from Ameritas and Motion for Sanctions for Witness Tampering and Discovery Misconduct by Plaintiff/Counter defendant Eddie Sussmann, Sr., and Pursuant to Rule 37 of Civil Procedure (R. Doc. 151)**. The motion is opposed. R. Doc. 175. The motion was submitted on November 29, 2017.

## I.     Background

The instant action was filed on June 29, 2015, by Plaintiffs Eddie Sussman, Sr. ("Sussman") and Leading Edge Financial Services ("Leading Edge") against former employee Daniel Dragan ("Dragan") and his company, Financial Guards, LLC ("Financial Guards"). The complaint was amended on August 21, 2015. Rec. Doc. 1, 4.

Plaintiffs allege that Dragan worked as an independent contractor managing IT and marketing for Leading Edge for many years prior to his termination on May 15, 2015. They further allege that after his termination Dragan formed Financial Guards and converted Plaintiffs' assets and confidential information as well as manipulating Plaintiffs' websites, email, and telephone systems to confuse and lure customers from Leading Edge to Financial Guards.

On January 20, 2016, the complaint was answered and Dragan asserted a number of counterclaims including unpaid wages for overtime worked, unpaid costs, lost income and opportunities, libel and defamation. R. Doc. 28. Plaintiffs filed their answer to the counterclaims

on February 11, 2016. State Farm Fire and Casualty Company's moved to intervene and that motion was granted and the intervenor complaint was filed on November 6, 2017. R. Docs. 139, 140.

Dragan filed a motion to compel documents from nonparty Ameritas on November 14, 2017. R. Doc. 151. Dragan subpoenaed Ameritas to provide "Any communication between AMERITAS Life Insurance Company and Mr. Edgardo "Eddie" Sussman, Sr., regarding Mr. Daniel Dragan, including but not limited to: any email communications, contracts signed, appointment status, hierarchy setup, complaints, requests for contract terminations, commissions, 1099 tax forms, etc., from 04/01/2015 to 10/1/2015." R. Doc. 151-2, p. 6. While the Court was not provided with the entirety of Ameritas' response, Dragan does quote Ameritas in an email replying to them that "after a diligent search, no responsive documents were found." *Id.*

Dragan provided emails sent to Ameritas on September 26, 2017, in which he tells Ameritas that they are incorrect that there are no responsive documents and identifies individuals to talk to. *Id.* Ameritas says they will check on it and get back to him and on November 13, 2017, Dragan states that it has been 45 days since Ameritas' previous response and asks for relevant documents. *Id.* at p. 5. On November 14, 2017, Ameritas sent an email stating they had been informed the case had been closed, he responded that it had not and requested where they got that information. R. Doc. 152-2, p. 9. Dragan was informed he should contact Ameritas' Louisiana attorney and was also told Ameritas would not respond until receiving court instructions. R. Doc. 151-2, pp. 4, 14. Dragan in his motion request the Court issue an order compelling Ameritas to comply with the subpoena.

As part of Dragan's motion, he states that Sussman has tampered with witnesses and interfered with Ameritas to stop Ameritas from producing relevant documents and evidence. R.

Doc. 151, p. 1. The motion and memorandum that Dragan filed with the Court, however, do not contain any information, exhibits, or other documents referring to Sussman or mentioning Sussman or any tampering with Ameritas. Dragan seeks an order from this Court dismissing the plaintiffs' claims in this case for allegedly tampering with witnesses and evidence and engaging in unfair discovery practices.

Plaintiffs' oppose both the motion to compel and sanctions with regards to witness tampering. R. Doc. 175. In their memorandum, plaintiffs state there is no exhibit demonstrating any activity that would support Dragan's claim against Sussman and also state that Ameritas did respond to the subpoena because they told Dragan that "after a diligent search, no responsive documents were found." R. Doc. 175, p. 2.

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 45 governs subpoenas. Under Rule 45, "The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed R. Civ. P. 45(g).

Rule 37 also has a section that governs motions for orders compelling discovery and contains a provision that, "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. (a)(2).

Rule 37(b) of the Federal Rules gives courts broad power to impose sanctions for "fail[ing] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012). Sanctions under the Rule include any remedies necessary to deter the misconduct, and can be as severe as dismissal of a case. *Smith & Fuller*, 685 F.3d at 488.

The Court also has inherent power to impose sanctions when other rules do not provide an adequate remedy. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power."). Reliance on this inherent authority is appropriate when there is a "wide range of willful conduct" implicating multiple rules, *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995), or when the conduct at issue is altogether "beyond the reach of the rules," *Chambers*, 501 U.S. at 51. According to the Fifth Circuit, a dismissal with prejudice is only appropriate if there is: (1) A clear record of delay or contumacious conduct; and (2) lesser sanctions would not serve the best interests of justice. *Brown v. Oil Skates Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (citing *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

### III.   Analysis

First, Dragan seeks an order from this Court compelling Ameritas to respond to a subpoena. While Dragan only references Rule 37 in his motion, that Rule is not applicable, and even if it was would it would not provide Dragan the relief requested. Rule 45 governs subpoenas and states that the Court where compliance is required may hold a person, who having been served, who fails to obey the subpoena in contempt.

The subpoena in question was served on Ameritas, which they clearly indicate in the emails provided by Dragan. In addition, Ameritas is located in Nebraska and Dragan has been in contact with a representative of Ameritas in Nebraska. Based on this information, the Eastern District of Louisiana is not where court where compliance is required under Rule 45. *See Fidelis Grp. Holdings, LLC v. Chalmers Automotive, LLC*, No. 16-3258, 2016 WL 4547994 (E.D. La. Sept. 1,

2016) (Motion was improvidently filed in the Eastern District of Louisiana when the subpoena required compliance in Delaware). Therefore, this Court is not the appropriate place for this motion and the Court has no authority to grant Dragan's motion on that matter. As a result, the motion to compel is denied.

Dragan also asks the Court to sanction Sussman for witness tampering and requests that Sussman's claims be dismissed. The basis for Dragan's allegation is that: (1) Ameritas indicated that they had been told the case was concluded; and (2) Ameritas did not respond to his request with the answers he was seeking. Dragan, however, has provided no records, exhibits, or evidence to support his motion and the allegation that Sussman has engaged in witness or evidence tampering or has engaged in questionable discovery practices. Dismissal is the severest of sanctions and requires a "clear record of delay or contumacious conduct." *Brown*, 664 F.3d at 77. However, there is no clear record of conduct required to support Dragan's motion. The complete dearth of records regarding any conduct that is sanctionable on the part of Sussman requires the Court to deny the motion for witness tampering and sanctions.

**IV. Conclusion**

Accordingly.

**IT IS ORDERED** that the Defendant's **Motion to Compel and for Sanctions (R. Doc. 151**) is **DENIED.**

New Orleans, Louisiana, this 11th day of December 2017.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**